TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JULIA HU (Cal. Bar No. 338226)
ANDREW ROACH (Cal. Bar No. 293375)
Assistant United States Attorneys
General Crimes/Cyber and Intellectual Property Sections
    1100/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3802/0306
    Facsimile: (213) 894-6269/0141
    E-mail:   Julia.Hu@usdoj.gov
             Andrew.Roach@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>         v.<br><br>EDWARD KIM,<br><br>      Defendant. | No. SA CR 21-41-JVS<br><br>GOVERNMENT'S OPPOSED *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING CONFIDENTIAL INFORMANT/COOPERATING WITNESS INFORMATION, PERSONAL IDENTIFYING INFORMATION, AND PRIVACY ACT INFORMATION<br><br>PROPOSED ORDER FILED SEPARATELY |

      Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julia Hu and Andrew Roach, for the reasons set forth below, hereby applies ex parte for the entry of a protective order restricting the use and dissemination of discovery containing information related to a confidential informant or cooperating witness who may testify at trial, personal

identifying information of third parties, and Privacy Act information.

    Defendant does not object generally to a protective order in this matter or the ex parte nature of this application; however, he objects to several provisions of the Protective Order, which are described below.

DATED: January 3, 2022

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

    /s/
JULIA HU
ANDREW ROACH
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Introduction and Grounds for Protective Order**

Defendant is charged with possession with intent to distribute at least five grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and possession with intent to defraud of at least fifteen unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3).

A protective order is necessary in this case because the government intends to produce to the defense materials regarding a confidential informant or cooperating witness who participated in the government's investigation and who may testify at trial.  These materials, referred to as "CI Materials," could be used to identify the confidential informant or cooperating witness; accordingly, the government believes that the unauthorized dissemination or distribution of the materials may compromise the ability of such person to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.  The government will not be able to produce the remaining discovery without revealing the confidential informant or cooperating witness's identity and/or personal identifying information.

A protective order is also necessary in this case because the government intends to produce to the defense materials containing third parties' PII.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.

Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendants.

The parties agree that a protective order should be entered in this case. However, defendant seeks to alter several key provisions proposed by the government. The respective positions of the parties are set out below. These terms have been approved and entered in numerous cases in this district. This Court should reject defendant's request and impose the government's proposed protective

order without modification.

**II.   DEFINITIONS**

   Throughout the instant application and Proposed Protective Order the following terms apply:

   a.   "CI Materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, prior criminal history, statements, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

   b.   "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

   c.   "Confidential Information" refers to any document or information containing CI Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

   d.   "Defense Team" includes (1) defendants' counsel of record ("defense counsel"); (2) other attorneys at defense counsels' law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include

3

defendants, defendants' family members, or any other associates of defendants.

**III. PROPOSED TERMS OF THE PROTECTIVE ORDER**

The government requests that the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties. The following conditions in the Protective Order will serve these interests.

    2. Paragraph Seven states:

        e. The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER." The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any PII contained in the production of Confidential Information.

        f. If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

        g. Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

h. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

i. Notwithstanding the paragraph above, defendant may see and review CI Materials only in the presence of defense counsel, and defense counsel shall ensure that defendant is never left alone with any CI Materials. At the conclusion of any meeting with defendant at which defendant is permitted to view CI Materials, defendant must return any CI Materials to defense counsel, who shall take all such materials with counsel. Defendant may not take any CI Materials out of the room in which defendant is meeting with defense counsel. At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status. If defense counsel wishes to enable defendant to review CI Materials in the presence of any person on the Defense Team other than defense counsel, defense counsel shall submit a letter to government counsel of record identifying that person (the "designated person"), and shall submit a copy of this stipulation that has been signed by that designated person. Upon receipt of those materials, if the government, in its sole discretion, finds the designated person acceptable, prior to the designated person reviewing any CI Materials with defendant, government counsel of record will confirm in writing that defendant is additionally allowed to review CI Materials in the presence of the designated person.

j. Defendant may review PII Materials only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PII Materials. At the

5

conclusion of any meeting with defendant at which defendant is permitted to view PII Materials, defendant must return any PII Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or his. Defendant may not take any PII Materials out of the room in which defendant is meeting with the Defense Team.

      k.   Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time. Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

      l.   The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant. Defense counsel or a designated person meeting the requirements set forth in ¶ 7(i) must be present whenever any CI Materials are being shown to a witness or potential witness. A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

      m.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care

in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.  CI Materials shall not be left unattended in any vehicle.

        n.   To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

        o.   The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not

7

object to the proposed filing, the party seeking to file such information shall redact any CI Materials or PII Materials and make all reasonable attempts to limit the divulging of CI Materials or PII Materials.

   p. The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

   q. The parties agree that if any Confidential Information contains both CI Materials and another category of Confidential Information, the information shall be handled in accordance with the CI Materials provisions of the Protective Order.

   r. Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return CI Materials to the government or certify that such materials have been destroyed.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII

Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

    s.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials and (2) returning to the government or certifying the destruction of all CI Materials.

    t.    Defense counsel agree to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

Accordingly, the government requests that the Court enter a protective order in the form submitted herewith.

## IV. ARGUMENT: THE COURT SHOULD ENTER THE GOVERNMENT'S PROPOSED PROTECTIVE ORDER

Defendant does not object to the Court imposing a protective order in this matter. However, government counsel and defense counsel have conferred regarding the Proposed Protective Order several times and were not able to reach a resolution on paragraphs 7(e), 7(i), 7(j), 7(k), 7(l), and 7(o). None of these objections has merit. The provisions to which defendants object are necessary to protect the safety of cooperating witnesses and maintain the privacy rights of third parties. These provisions do not impede the defendants' ability to review discovery, and they are routinely entered by courts across this district.

### A. Paragraph 7(e): The Government Should Be Permitted to Redact PII from Protected Material

Defense counsel objects to the Proposed Protective Order because it permits the government to redact PII contained in protected material, arguing that this provision is unnecessary in light of the rest of the Proposed Protective Order. However, redacting information with little evidentiary value does no harm, and can significantly reduce the danger that could result from unauthorized dissemination of CI Materials. The government has an ongoing obligation to protect third parties' PII. See, e.g., Privacy Act of 1974, 5 U.S.C. § 552a(b) (government cannot disclose any record containing personal information unless the relevant person provides consent or a limited set of exceptions apply). Accordingly, the government often will attempt to minimize the production of identifying information (consistent with its discovery obligations) to provide extra protection against dissemination of this

10

information. The government also has an obligation to redact law-enforcement sensitive information, like FBI numbers. Additionally, some of the information the government intends to redact is not relevant and is otherwise beyond the scope of the government's discovery obligations. The government therefore requests that the Court permit these redactions.

### B. Paragraphs 7(i), 7(j), 7(k): The Court Should Require Defense Counsel or a Designated Person to Be Present when Reviewing CI Materials with Defendant or Any Witness

Paragraphs 7(i), 7(j), and 7(k) provide different requirements for defendant's handling of CI Materials and PII Materials. The defense proposes that the protective order be modified such that the language in Paragraph 7(k) is applied to cover all types of confidential information.

Because of concerns for witness safety, CI Materials should be afforded a higher level of protection than PII Materials. Therefore, Paragraph 7(i) provides that defendant or a witness may review CI Materials only in the presence of defense counsel or an approved designated person, whereas Paragraph 7(j) provides that defendant or witnesses may review PII Materials in the presence of any member of the Defense Team. As a courtesy to defense counsel, the government has already included the more flexible version of Paragraph 7(i), which permits defendant to view CI Materials in the presence of an approved designated person or defense counsel.

Moreover, Paragraph 7(k) is a discrete requirement from Paragraphs 7(i) and 7(j); it provides that the defendant may not copy or in any way memorialize any Confidential Information (CI Materials or PII Materials), while Paragraphs 7(i) and 7(j) set the terms for

11

defendant's access to CI Materials and PII Materials.

To the extent that defendant's objection is to the limitation that defendant and witnesses may see and review CI Materials only in the presence of defense counsel, or, alternatively, a member of the defense team who agrees to be bound by the terms of protective order, the Court should reject defendant's objection because an alternative procedure would increase the risk of unauthorized dissemination of CI Materials.  Limiting a defendant's and defense witness's access to CI Materials is a critical component of safeguarding the identity of cooperating witnesses and, in turn, ensuring their safety.  The risk of unauthorized dissemination of CI Materials is greatest when a defendant is accessing CI Materials because the defendant may know the CI and may be motivated to retaliate against him/her for cooperating with the government.  That same risk is present when potential defense witnesses -- who may include family members, co-conspirators, and associates of the defendant -- are accessing CI Materials.  Accordingly, when a defendant or defense witness is directly accessing CI Materials, the highest level of protection is warranted.

In cases involving CI Materials, the government's proposed protective order typically permits only counsel of record to be present when defendant is accessing the CI Materials because counsel of record is the individual who is tasked with the ultimate responsibility for ensuring compliance with the Protective Order. This provision is standard in CI protective orders because defense counsel has strict ethical duties and is an officer of the court, which provides a greater assurance that the information will be

adequately protected.  In addition, counsel of record will have to answer to the Court in the event the Protective Order is violated.  It is therefore important for counsel of record to be present when the risk to the cooperating witness is highest -- i.e., when defendant is accessing the CI Materials.

As an accommodation to defense counsel in this case, the government modified Paragraphs 7(i) and 7(l) to allow additional members of the Defense Team to review CI Materials with defendant or defense witnesses outside the presence of defense counsel, subject only to a notice and approval requirement -- the "designated person" language.  This minimal notice and approval procedure is necessary to ensure that members of the defense team that review CI Materials with a defendant or defense witnesses are equally as accountable as defense counsel, which is paramount in ensuring that CI Materials are handled carefully and not inadvertently disclosed to third parties.  This procedure places minimal burden on defense counsel.  Any burden in requiring counsel of record or a designated person to be present when defendant or defense witnesses are reviewing CI Materials is warranted by the significant countervailing concerns for safety.

### C. Paragraph 7(l): The Requirement that Witnesses Agree in Writing to the Terms of the Protective Order is Necessary to Protect Witness Safety

Defendant objects to the requirement that potential witnesses must agree in writing to be bound by the requirements of the Protective Order prior to being shown any portion of the Confidential Information as overly burdensome.  Defendant instead proposes that potential witness be allowed to orally agree to be bound by the requirements of the Protective Order.

Requiring written consent to the requirements of the Protective Order poses a minimal burden on the defense and is necessary to ensure that individuals to whom Confidential Information is conveyed -- who may include family members, co-conspirators, and associates of the defendant -- are informed and understand that the information is sensitive and confidential as set forth in the Order. The entire purpose of the Protective Order is undermined if individuals are not clearly and adequately informed of its terms; the written acknowledgement reasonably advances that purpose. Furthermore, without written agreement to be bound by the Protective Order, there would be no potential consequences to an individual who violates the Protective Order.  An oral agreement to abide by a Protective Order is virtually unenforceable, thereby functionally obviating the protections that are necessary to protect the safety of a confidential source in the first place.

Confidential informants put their own personal safety at risk in order to aid law enforcement in investigating cases; should the government not be able to provide adequate protections to those sources by, for example, limiting the public disclosure of a source's name until it is actually required in a case, law enforcement's ability to procure cooperation from such sources in the future may be impeded.

The reasonable writing requirement has been consistently upheld by courts in this district despite defense objections. See, e.g., United States v. Lugo-Sanchez et al., No. CR 21-142-MCS, Dkt. 36 at 4-5 (Confidential Informant ("CI") Materials); United States v. Chacon, No. CR 20-135-ODW, Dkt. 27 at 5 (CI Materials); United States

14

v. Gallardo, No. 20-141-DSF, Dkt. 27 at 5 (CI Materials); United States v. Hovhannisyan, No. 19-411-GW, Dkt. 22 (personal financial information); United States v. Sexton, No. CR 19-781-MWF, Dkt. 43 (CI Materials); United States v. Reyes, CR 19-740-CJC, Dkt. 24 (CI Materials); United States v. Monteagudo, No. CR 19-690-ODW-2, Dkt. 30 (CI Materials); United States v. Arredondo, No. CR 19-582-JAK, Dkt. 23 (CI Materials); United States v. Ramirez, No. CR 17-17(A)-JLS-1, Dkt. 173 (CI Materials).

Courts in this district have also issued protective orders with the same "in writing" requirement sought here in cases involving PII Materials. See, e.g., United States v. Nezhadian, No. CR 18-829-ODW, Dkt. 18 (personal identifying information); United States v. Rodriguez, No. CR 18-268-PA, Dkt. 22 (personal identifying information); United States v. Hernandez, No. 20-487-MCS, Dkt. 24 (personal identifying information).

**D.   Paragraph 7(o): Redaction of Publicly Filed Materials**

Paragraph 7() provides a procedure for the filing of Confidential Information with the Court.  Pursuant to that procedure, parties are first to seek leave of the Court to file Confidential Information under seal.  Should the Court reject such a request, the party seeking to publicly file the Confidential Information shall give written notice to the other party of its intention to do so and redact any CI Materials or PII Materials from the filing.  Defendant objects to the Proposed Protective Order's requirement that "If the other party does not object to the proposed filing, the party seeking to file such information shall redact any CI Materials or PII Materials and make all reasonable attempts to limit the divulging of

15

CI Materials or PII Materials" as superfluous.  The defense suggests that the notice and objection process will be used to determine which material needs to be redacted.  However, the plain language of the notice-and-objection requirement does not require the filing party to redact CI and PII Materials.  Thus, the redaction requirement still has independent significance and should be entered as part of the protective order.