TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JULIA HU (Cal. Bar No. 338226)
Assistant United States Attorney
General Crimes Section
ANDREW M. ROACH (Cal. Bar No. 293375)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1100/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 3802/0306
     Facsimile: (213) 894-6269/2927
     E-mail:   julia.hu@usdoj.gov
               andrew.roach@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:21-CR-00041-JVS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| EDWARD KIM, | |
| Defendant. | **CURRENT TRIAL DATE:** March 15, 2022<br>**PROPOSED TRIAL DATE:** June 7, 2022<br><br>**CURRENT STATUS CONFERENCE:** March 7, 2022 at 9:00 a.m.<br>**[PROPOSED] STATUS CONFERENCE:** May 23, 2022 at 9:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julia Hu and Andrew M. Roach, and defendant Edward Kim ("defendant"), both

individually and by and through his counsel of record, Deputy Federal Public Defender Jonathan Ogata, hereby stipulate as follows:

1. On March 2, 2021, a criminal complaint was filed against defendant. (Dkt. 1.) Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 3, 2021. (Dkt. 5.) The indictment in this case was filed on March 16, 2021. (Dkt. 12.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 7, 2021.

2. On March 23, 2021, the Court set a trial date of May 11, 2021 at 8:30 a.m. and a pretrial status conference date of May 3, 2021 at 9:00 a.m. (Dkt. 15.)

3. Defendant is currently detained pending trial. The parties estimate that the trial in this matter will last approximately five to seven days.

4. The Court has previously continued the trial date in this case from May 11, 2021 to March 15, 2022, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to June 7, 2022 and the status conference to May 23, 2022 at 9:00 a.m.. This is the second request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is currently charged in this matter with possession with intent to distribute at least five grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), and possession with intent to defraud of at least

fifteen unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3). To date, the government has produced over 1,000 pages and approximately 40 gigabytes of discovery to the defense.

    b. The government and defense counsel are discussing a global plea agreement to other charges that the government anticipates bringing against defendant.

    c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    e. The government does not object to the continuance.

    f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 15, 2022 to June 7, 2022, inclusive, should

be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

///
///

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: February 23, 2022         Respectfully submitted,

                                 TRACY L. WILKISON
                                 United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 _____
                                 JULIA HU
                                 ANDREW M. ROACH
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

Dated: February 23, 2022



                                 /s/ with email authorization
                                 _____
                                 JONATHAN OGATA
                                 Deputy Federal Public Defender

                                 Attorney for Defendant
                                 EDWARD KIM

**CERTIFICATION OF DEFENSE COUNSEL**

I am Edward Kim's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 7, 2022 is an informed and voluntary one.

| | |
|---|---|
| */s/ with email authorization* | February 23, 2022 |
| JONATHAN OGATA | Date |
| Deputy Federal Public Defender | |
| Attorney for Defendant | |
| EDWARD KIM | |