E. MARTIN ESTRADA
United States Attorney
ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division
ANDREW M. ROACH (Cal. Bar No. 293375)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0306
    Facsimile: (213) 894-2927
    E-mail:  andrew.roach@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>EDWARD KIM,<br><br>        Defendant. | No. 8:21-CR-00041-JVS<br><br>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT EDWARD KIM<br><br>Hearing Date: March 6, 2023<br>Hearing Time: 9:00 a.m.<br>Location:    Courtroom of the<br>                  Hon. James V. Selna |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Andrew M. Roach, hereby files its sentencing position for defendant Edward Kim.

//
//
//
//
//
//
//

This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Report and Recommendation, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 14, 2023		Respectfully submitted,

						E. MARTIN ESTRADA
						United States Attorney

						ANNAMARTINE SALICK
						Assistant United States Attorney
						Chief, National Security Division


						  /s/ Andrew M. Roach
						ANDREW M. ROACH
						Assistant United States Attorney

						Attorneys for Applicant
						UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Edward Kim pleaded guilty to a seven-count information charging him with conspiracy to distribute methamphetamine and other controlled substances, in violation of 21 U.S.C. § 846 (Count One); distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (Count Two); conspiracy to defraud the government with respect to claims, in violation of 18 U.S.C. § 286 (Count Three); mail fraud, in violation of 18 U.S.C. § 1341 (Counts Four and Five); and possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) (Counts Six and Seven).  (Presentence Report ("PSR") at ¶¶ 1-6.)

Defendant's PSR calculated a total offense level of 35 with a Criminal History Category of VI.  (Dkt. 43 (PSR) at 3.)  The resulting guidelines are 292 to 365 months' imprisonment, followed by five years of supervised release.  The probation officer recommends that defendant be sentenced to 336 months' imprisonment, followed by five years of supervised released.  (Dkt. 42 at 1, 2.)

The government concurs with the PSR's calculation of the guidelines and defendant's criminal history.  The government requests that the Court adopt them in full.  Consistent with the parties' plea agreement, the government recommends that defendant be sentenced to the low end of the applicable guidelines, that is, 292 months of imprisonment, followed by five years of supervised release.  The government also requests that the Court order defendant to pay the restitution as outlined in the PSR.

**II. DEFENDANT'S CRIMINAL CONDUCT**

The PSR and plea agreement in this case accurately summarizes defendant's conduct and the government incorporates them herein. (See PSR ¶¶ 13-50; Dkt. 36 (Plea Agreement).)

**III. GUIDELINES RANGE AND PRESENTENCE INVESTIGATION REPORT**

The PSR calculates defendant's guidelines as follows:

**Base Offense Level:**

| | | |
|---|---|---|
| - Between 500 grams and 1.5 kilograms of actual methamphetamine | 34 | U.S.S.G. § 2D1.1(a)(5), (c)(4) |
| **Specific Offense Characteristics:** | | |
| - Possession of firearm | +2 | U.S.S.G. § 2D1.1(b)(1) |
| - Maintained a premises for the purpose of manufacturing or distributing controlled substances | +2 | U.S.S.G. § 2D1.1(b)(12) |
| Combined Offense Level: | 0 | U.S.S.G. § 3D1.4 |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a)-(b) |
| Total Offense Level: | 35 | |

The government concurs with the calculation of a Total Offense Level of 35. (PSR ¶¶ 55-97.) The government also agrees with the PSR's determination that defendant is in Criminal History Category VI. (PSR ¶¶ 99-114.) A total offense level of 35 with a Criminal History Category VI corresponds to a guidelines range of 292 to 365 months' imprisonment. (PSR at 3.) The government respectfully requests that the Court adopt the factual findings and calculations of the PSR in this matter.

2

## IV. GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends defendant be sentenced to 292 months' imprisonment, followed by five years of supervised release, and be ordered to pay restitution in the amount of $5,458,050 to the California Employment Development Department and $16,800 to the Internal Revenue Service, and the special assessment of $700.  This recommendation is appropriate and justified in light of the factors set forth under 18 U.S.C. § 3553(a), namely, the nature and circumstances of the offense, the history and characteristics of defendant, and the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence to criminal conduct.

### A. The Nature, Circumstances, and Seriousness of the Offense, and the Need to Provide Just Punishment, Warrant a 292-Month Sentence

First, the nature, circumstances, and seriousness of defendant's offenses warrant a custodial sentence.  See 18 U.S.C. § 3553(a)(1). Defendant has committed several significant offenses as described in the PSR, including distribution of large quantities of methamphetamine and fentanyl-laced pills to Hawaii, operating a drug warehouse where he maintained a firearm, and committing a massive multi-million-dollar EDD fraud.  (PSR ¶¶ 13-50.)  Each one of these crimes is serious by themselves, the fact that defendant accomplished all three of them in less than two years is troubling.

These serious offenses demand a serious sentence.  On the other hand, § 3553 requires the Court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing.  Balancing the severity of the offenses with the not-greater-than-necessary principle, the government recommends 292 months' imprisonment as the parties agreed in the plea agreement.

3

This sentence, equating to over 24 years, is certainly serious. It provides that defendant will serve over 20 years in prison (assuming credit for good behavior)--a sufficient amount of time to punish defendant for the seriousness of his offenses.

### B. The History and Characteristics of Defendant Support a 292-Month Sentence

Next, the history and circumstances of the defendant support a 292-month sentence. Defendant has a lengthy criminal history, as described in the PSR. (PSR ¶¶ 99-119.) Defendant's prior prison sentences have not stopped him from committing crimes. So the Court must impose the most serious sentence to date.

Defendant, however, has several mitigating factors that warrant the low-end recommendation of 292 months. First and foremost, defendant accepted responsibility and pleaded guilty to an information, thereby saving prosecutorial and judicial resources. Second, defendant has put himself at the mercy of the Court. He has agreed to waive his right to appeal any sentence so long as the Court sentence him to an offense level of 35 (292 to 365 months). See Plea Agreement at ¶ 38. This acceptance of responsibility and waiver of appellate rights militate for a low-end sentence. Third, defendant's serious drug addiction is somewhat mitigating. It is clear that much of his criminal activity stems from his drug use. (PSR ¶¶ 156-161.) A 292-month sentence will hopefully allow him to break his habit.

Finally, a 292-month sentence is sufficient to punish defendant but still allows defendant to lead a productive life. It still gives him a chance. A 292-month sentence would mean that defendant would likely be released when he is in his mid-50s. By then, he will be

4

old enough to likely not commit more crimes, but still have enough time to live a productive life.

### C. General and Specific Deterrence and the Need to Promote Respect for the Law also Warrant a Guidelines Sentence

Third, the government's recommended sentence addresses the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes of defendant. See 18 U.S.C. § 3553(a)(2). A sentence of 292 months will impress upon defendant the seriousness of his crimes and will give him time to reconsider his actions in light of the consequences. Such a sentence will also hopefully will deter defendant from engaging in additional crimes in the future.

### D. A Significant Sentence Is Needed to Protect the Victims and the Public

Fourth, the government's recommended sentence of 292 month is necessary to protect the victims and the public. Defendant has lived a life of crime for some time, as described in the PSR. His time in custody will protect both the public and victims from his further crimes.

Finally, the Court must sentence defendant to avoid unwarranted sentencing disparities among other defendants with similar records, who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). The best way to ensure consistent sentences for similarly situated defendants is to impose a sentence within the sentencing guidelines, as the government recommends.

### E. Five Years of Supervised Release is Appropriate.

The government believes that imposing five years of supervised release is warranted in light of the nature, circumstances, and

seriousness defendant's offense, as discussed above.  Such supervision is essential to ensure that defendant remains on a law-abiding path and accordingly to protect the public from defendant's further crimes.

**F.   Restitution, Fine, and Special Assessment**

The government requests that the Court order defendant to pay restitution in the amount of $5,458,050 to the California Employment Development Department and $16,800 to the Internal Revenue Service, as outlined in the PSR.  (PSR ¶ 192.)

The government does not recommend the imposition of a fine because defendant has established that he is unable to pay and is not likely to become able to pay any fine.  However, a special assessment of $700 is mandatory.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to 292 months' imprisonment, followed by five months of supervised release, and order defendant to pay restitution in the amount of $5,458,050 to the California Employment Development Department and $16,800 to the Internal Revenue Service, and pay the special assessment of $700.