# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACR 21-00041-JVS | Date: March 6, 2023 |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

Interpreter   N/A

| Elsa Vargas | Sharon Seffens | Andrew Roach |
|---|---|---|
| *Deputy Clerk* | *Court Reporter.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| **Edward Kim** | X | X | | Jason Hannan | X | X | |

**Proceedings:**   SENTENCING   -   Non-Evidentiary

Cause is called for hearing with the defendant, his counsel, and counsel for the Government present. The Court's tentative sentencing memorandum is issued. Counsel make their arguments on the Court's tentative sentencing memorandum. The defendant addresses the Court. The Court sentences the defendant (Refer to separate Judgment and Commitment Order) in accordance with its sentencing memorandum (attached hereto).

cc:   USPO

                                                                                      :   29

Initials of Deputy Clerk   eva

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Sentencing Memorandum

This matter is before the Court for sentencing defendant Edward Kim ("Kim") on his plea to Count 1 of the First Superseding Indictment for violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii); conspiracy to distribute a controlled substance; Court 2 of the First Superseding Indictment for violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), distribution methamphetamine; Count 3 of the First Superseding Indictment for violation of 18 U.S.C. § 286, conspiracy to defraud the Government with respect to claims; Counts 4 and 5 of the § Indictment for violation of 18 U.S.C. § 1341, mail fraud; and Counts 6-7 of the First Superseding Indictment for violation of 18 U.S.C. 1029(a)(3), possession of 15 or more unauthorized access devices. In arriving at a reasonable sentence as instructed by United States v. Booker, 543 U.S. 220 (2005), the Court has taken into consideration the United States Sentencing Commission Guidelines, the policies of the Sentencing Reform Act of 1984, 18 U.S.C. § 3553(a), and the specific facts of this case. The Court has reviewed the Presentence Report ("PSR") and the parties' submissions. As set forth below, the Court finds that a sentence of 292 months imprisonment with a waiver of fine represents a reasonable sentence in light of all of these factors.

1. Sentencing Guidelines.[1] The Court adopts the Guidelines analysis of the PSR.

   1.1. Offense Level. The Court concurs that Counts 1and 2 group and the Counts 3 through 7 group. (PSR, 59-61.)

   *Group 1: Drug Offenses.* The Court concurs the applicable guideline is Section 2D1.1 which provides for a base offense level based on the amount controlled substance involved. 844 gram of methamphetamine results in a base offense level of 34. U.S.S.G. § 2D1.1(c)(4). Several enhancements are applicable: a 2-level enhancement for possession of a dangerous firearm in connection with the offense; U.S.S.G. § 2D1.1(b)(1); and a 2-level enhancement for maintaining a manufacturing premises. U.S.S.G. § 2D1.1(b)(12).

   The Court finds that there is adequate evidence to support the weapons enhancement. The weapons were found in Kim's drug factory with marijuana plants,

---

[1] Although the Court considers the Guidelines first, the Court is mindful that the Guidelines are only the starting point in crafting a reasonable sentence. Gall v. United States, 552 U.S. 38, 49 (2007); United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008); United States v. Cantrell, 433 F.3d 1269, 1280 (9th Cir. 2006). There is no presumption in this Court that a Guidelines sentence should apply. Nelson v. United States, 555 U.S. 350, 352 (2008) (*per curiam*); Rita v. United States, 551 U.S. 338, 351 (2007); Carty, 520 F.3d at 994.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

manufacturing material and methamphetamine.  (Addendum to PSR, ¶ 3.)

The offense level for the group is 38.

*Group 2: Remaining Counts.*  The Court concurs the applicable guideline is Section 2B1.1(a)(1) which provides a base offense level of 7.  Several enhancements are applicable: an 18-level enhancement based on the amount of the loss, approximately $5.4 million, U.S.S.G. § 2B1.1(b)(1)(H); a 2-level enhancement based on the number of victims, approximately 16, U.S.S.G § 2B1.1(b)(2)(A); and a 2-level enhancement based on gross losses to a financial institution of more than $1 million U.S.S.G § 2B1.1(b)(17)(A).

The offense level for the group is 29.

*Multiple Count Adjustment.*  Group 1 counts for 1 unit.  Group 2 is not scored because it is 9 levels lower than Group 1.

The gross offensive level is the highest group, Group 1: 38 The fact that he is a career offender does not affect the gross offense level.  (PSR, ¶ 94.)
Kim is entitled to a 3-level reduction for accepting responsibility.  U.S.S.G. §§ 3E1.1(a), (b).  The Court finds that the record establishes by a preponderance of the evidence the basis for each enhancement and the reduction.  The adjusted offense level is 35.

Neither the offense level calculation nor his criminal history is based on career criminal offender status.  The Court does not rely on his career criminal status in making it final sentencing determination.

1.2.  Criminal History.  The Court concurs that the defendant's Criminal History Category is VI, based on state convictions in 2014 and 2015 (3 points each); state convictions in 2014 (two) and 2019 (2 points each); state convictions in 2014, 2015, 2016, 2017, and 2020 (1 point each)[2]; commission of the present offense while on probation (2 points).  Eighteen Criminal History points places Kim in Criminal History Category VI.

1.3.  Departures.  The Court acknowledges that it has discretion to depart from the sentence which results from an application of the Guidelines.  The Court finds no basis for a departure in this case.

1.4.  Conclusion.  The Court finds that proper application of the Guidelines calls

---

[2] Only 4 1-point convictions are counted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

for a sentence of imprisonment for 292-365 months and a fine of $40,000 to $10,000,000.

    2.  <u>Sentencing Reform Act.</u>  In arriving at a reasonable sentence, the Court considers the following factors outlined in the Sentencing Reform Act.

    2.1.  <u>Nature of Circumstances of the Offense and History and Characteristics of Defendant.</u>  As the Supreme Court observed in <u>Gall v. United States</u>, 552 U.S. 38, 52 (2007) (internal quotation marks deleted), "the sentencing judge consider[s] every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

    Beginning in 2019, he engaged in drug trafficking, tax fraud, and fraud on the Californian Employment Development ("EDD").  In 2019, he sent 449 grams of methamphetamine to a co-conspirator in Hawaii.  He submitted false tax returns, including payments under Economic Impact Payments program.  Between May 2020 and March 2021, he made over 400 applications for EDD benefits using false names.  The losses to EDD were more than $5 million.

    His parents emigrated from Korea.  He grew up in a loving family, and his needs for food, clothing and shelter were met.  There was no history of abuse or violence or drug use.

    At one point, his family split up physically, with his father traveling for work.

    In 2015-2016, he received mental health treatment for depression and anxiety.

    He has a history of drug and alcohol addition beginning at age 14.  He advanced to cocaine and methamphetamine.  In 2014, he attended a court-ordered 90-day drug treatment program.  He used drugs within 60 days while in the program, and was returned to court.

    Kim did not graduate from high school or earn a GED.  He holds a music certificate from the Music Institute in Hollywood.  He has skills in agriculture.

    From 2007 to 2012, he worked for Artisan Music Group in various music production positions. After he left the music business, his drug addiction accelerated.

    2.2.  <u>Need for Sentence to Reflect Seriousness of Offense, to Promote Respect for Law, and to Provide Just Punishment.</u>  The Court finds that the Guidelines analysis has taken

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

into account this factor.[3]

      2.3.  <u>Need to Afford Adequate Deterrence of Criminal Conduct.</u>  The Court finds that the Guidelines analysis has taken into account this factor.

      2.4.  <u>Need to Protect the Public.</u>  The Court finds that the Guidelines analysis has taken into account this factor.

      2.5.  <u>Need to Provide Defendant Individualized Service Needs.</u>  Kim will have drug counseling available to him while in prison and on supervised release.  The Court will recommend the Bureau of Prison's RDAP program.

      2.6.  <u>Kinds of Sentences Available.</u>  Under the terms of the advisory Guidelines, a sentence falling within Zone D must include a term on imprisonment equivalent to the low end of the Guidelines range (292 months).  U.S.S.G. § 5C1.1(f).  The Court, of course, acknowledges that this directive, as well as all others in the Guidelines, is merely advisory.

      2.7.  <u>Sufficiency of Punishment.</u>  The Court finds that a sentence which is the equivalent of the low-end Guidelines range is sufficient but no more than necessary to meet the goals of the Sentencing Reform Act, including specifically punishment and deterrence <u>Kimbrough v. United States</u>, 552 U.S. 85, 110-11 (2007).  The Court finds that Kim does not have the ability to pay a fine.[4]

      Kim's proposed sentence of 180 would not reflect the seriousness of the multiple crimes which he committed.

      3.  <u>Facts of the Case.</u>  There are no additional facts which the Guidelines analysis and the other factors in Section 3553(a) have not taken into account in type or degree.  In fact, this is one of the rare cases where the Guidelines grouping rules work to underestimate the significance of his conduct.

---

[3] The Court does not mean that the Guidelines analysis overrides the factors in Section 3553(a), but rather that the Court will consider the same facts only once unless the facts have additional or different significance under a Section 3553(a) analysis or render the case atypical.  The Court has noted where this is the case.  <u>United States v. Mix</u>, 450 F.3d 375, 382 (9th Cir. 2006).

[4] Kim's ability to pay a fine or restitution has played no part in the Court's determination of a reasonable custodial or other liberty-restricting sentence.  <u>United States v. Burgum</u>, 633 F.3d 810, 814-16 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Moreover, the Court does not find that his drug use is a basis for a variance. The fact that Kim will not be there for his son's formative years is not significantly ameliorated by the sentence which he proposes. The rejects the blanket attack of on the purported harshness of the methamphetamine Guidelines. (Kim's Position, pp. 16-18.)

4. <u>Conclusion.</u> In setting this sentence, the Court has taken into account that it has discretion under both the Guidelines and <u>Booker</u>. As noted above, the Court has not exercised its discretion under the Guidelines or <u>Booker</u>, but in adopting the present sentence, the Court is mindful that whether a sentence falls within or without the Guideline range, the Court's ultimate decision is a reflection of its discretion. The Court finds that taking into account the analysis mandated by <u>Booker</u>, a sentence of 292 months imprisonment with a waiver of fine represents a reasonable sentence.